**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**


ROBERT REED                                     :
                                                :
                                                :
      v.                                        :          Civil No. CCB-10-1291
                                                :
                                                :
TOWN OF PRESTON, MARYLAND                       :
                                                :
                                                :

**MEMORANDUM**

Plaintiff Robert Reed has sued his former employer, the Town of Preston, Maryland ("the

Town"), alleging violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

Now pending before the court is the Town's motion to dismiss the amended complaint or, in the

alternative, for summary judgment. For the reasons stated below, the Town's motion to dismiss

the amended complaint will be granted, and the case will be remanded to state court.

**BACKGROUND**

Mr. Reed first filed suit against the Town in this court on April 7, 2009, alleging a

violation of the Maryland Wage Payment and Collection Law ("MWPCL"), breach of contract,

quantum meruit, and wrongful termination. (CCB-09-883). The Town filed a motion to dismiss

for failure to state a claim on all counts. In response, Mr. Reed voluntarily dismissed his

complaint without prejudice and filed a complaint in the Circuit Court for Caroline County

alleging a violation of the MWPCL, breach of contract, and quantum meruit. The Town then

moved in Circuit Court to dismiss the complaint.

On October 22, 2009, the Circuit Court held a hearing on the motion to dismiss. The

court granted the motion to dismiss on the MWPCL and quantum meruit claims, but denied the motion as to the breach of contract claim. The court issued a scheduling order setting forth a discovery deadline of April 16, 2010. The scheduling order also set forth May 3, 2010 as the deadline for dispositive motions and amendment of pleadings.

On April 20, 2010, following the close of discovery, the Town filed a motion for summary judgment on the breach of contract claim. On May 5, 2010, two days after the filing deadline set forth in the scheduling order, Mr. Reed filed an amended complaint, adding a new cause of action for violation of the FLSA. On May 21, 2010, the Town filed a notice of removal based upon federal question jurisdiction arising out of the FLSA claim.

## ANALYSIS

The Town now moves to dismiss the amended complaint on grounds that it was improperly filed without leave of court. Under Maryland Rule of Civil Procedure 2-341(a), "[a] party may file an amendment to a pleading without leave of court by the date set forth in the scheduling order." Md. Code Ann., Civ. Proc. Rule 2-341(a). A party may file an amendment after the date set forth in the scheduling order "only with leave of court." Md. Code Ann., Civ. Proc. Rule 2-341(b). Similarly, under federal law, a party may amend its pleading as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). A party may amend its pleading in all other cases "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, the Circuit Court for Caroline County set forth in a scheduling order a deadline of May 3, 2010, for the amendment of pleadings. Mr. Reed contends that he met this deadline by mailing the amended complaint by first class mail and serving a copy of the amended complaint

on the defendant's counsel on May 3. (*See* Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss at 4). Although service by mail is complete upon mailing, "filing is not complete until the clerk of the court or a judge receives the document." *Molé v. Jutton*, 846 A.2d 1035, 1039 (Md. 2004). "A pleading or paper is filed by actual delivery to the clerk. This may be accomplished in person or by mail. However, the date of filing is the date the clerk receives the pleading, not the date when the pleading was mailed." *Id.* (internal quotations omitted) (quoting Paul V. Niemeyer & Linda M. Shuett, *Maryland Rules Commentary* 35 (2d ed. 1984)). The clerk's office did not receive Mr. Reed's amended complaint until May 5, 2010, two days after the deadline set forth in the scheduling order. (*See* Def.'s Mot. to Dismiss the Am. Compl. at Ex. 5). Thus, under either Maryland or federal law, Mr. Reed was required to file a motion for leave of court to file an amended complaint. Because of his failure to do so, the amended complaint was improperly filed. The Town's motion to dismiss the amended complaint will be granted.

Accordingly, the only federal claim in this case will be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), I will decline to exercise supplemental jurisdiction over the remaining breach of contract claim and will remand the case to the Circuit Court for Caroline County.

A separate Order follows.


September 17, 2010            /s/       
Date                              Catherine C. Blake
                                 United States District Judge